PERE MARQUETTE RAILROAD CO. *v.* KALKASKA CIRCUIT
JUDGE.

INJUNCTION—DECREE—VALIDITY—MERITS—VACATION OF PART OF
DECREE—MANDAMUS.

> A railroad filed a bill to restrain defendant from obstructing a
> side track; the answer set up title to the land in defendant,
> and prayed for affirmative relief, and the court announced
> that the bill would be dismissed, but, without notice to com-
> plainant, made a decree restraining complainant from using
> the track. *Held*, that the decree not being void, nor embrac-
> ing matter not within the issues, the Supreme Court would
> not by mandamus vacate the portion of the decree restrain-
> ing complainant.

Mandamus by the Pere Marquette Railroad Company
to compel Clyde C. Chittenden, circuit judge of Kalkaska
county, to vacate a restraining order in a decree. Sub-
mitted February 14, 1905. (Calendar No. 20,938.) Writ
denied March 21, 1905.

*Pratt & Davis*, for relator.

*Wayne Simmons*, for respondent.

OSTRANDER, J.   The relator, in June, 1904, filed its bill
of complaint in the circuit court for the county of Kal-
kaska, in chancery, claiming to be owner and in possession
of a certain right of way, upon which it had built and was
then operating a side track connecting with a spur of a
branch line of its road, and complaining that a person
named as defendant in the bill interfered with the opera-
tion of the road on the said right of way by piling logs on
the track and felling trees across it, and by threats of per-
sonal violence to employés of relator.   The bill prayed for
both a temporary and a permanent injunction.   The bill
was answered, and in the answer the defendant claimed
that he had title to the land in question, and that com-

plainant had none, and was upon the land without right, and asked for affirmative relief. The answer does not specifically pray for any order restraining the complainant from operating its road, but does contain a prayer for general relief. The court issued a temporary injunction, but, after hearing, made a decree dismissing the bill, dissolving the injunction, and restraining the complainant (relator) from going upon or operating trains across the said land. This decree is dated on the 7th of October. It was preceded by an opinion in which the court indicated a purpose to grant to defendant the following relief, and no other:

"At this time the court will dismiss this bill of complaint, dissolving the injunction, with full costs to the defendant, and an attorney fee of $25."

Relator knew the terms of the opinion, but seems to have had no notice of the settlement of decree. A copy of it was served upon solicitors for complainant (relator) about November 24th. Relator ceased, after the opinion was filed, to operate its road, until after the 13th of October, when it claims to have made arrangement with the owner of the legal title (not the defendant in the chancery suit, nor the one from whom, in the bill of complaint, it claimed to have acquired its rights) which resulted in obtaining from such owner, on November 5, 1904, by deed, a right of way, and it at once began operating its trains over the road. On the 3d of January the defendant in the chancery suit tore up the railroad track, so that trains could not be operated upon the said right of way. On the 17th of January the relator filed its petition in said court and cause, in which it set out that it had no notice of the settlement of the decree; that it did have notice of the decision which the court announced; that, upon receiving a copy of the decree, certain conditions in it not mentioned in the opinion of the court were overlooked—among others, the restraining order; and that relator and its solicitors were not aware that a restraining order had been entered in the cause until after January 1, 1905. The petition

further sets out that the alleged title of the defendant is founded on void tax deeds; sets up its own title, acquired after determination of the cause, the tearing up of the track, and the interruption of business; and prays for the following relief:

" (a) That the decree entered in said cause be so changed and modified as to strike all that part of said decree that restrains your petitioner from operating its trains over said Mahan Branch, and the land in controversy in said case.

" (b) To expunge from said decree so much thereof as requires your petitioner to restore the land in dispute to its former condition.

" (c) That said decree be so corrected and modified as to exclude from its terms everything not covered by the decision of the court as rendered on October 7th.

" (d) That said decree be so modified as to place said defendant and your petitioner in the same position they were left by the finding and decision of the court on October 7, 1904.

" (e) That said decree be so modified as to permit your petitioner to protect its rights under the facts as they now exist.

" (f) That said decree be so modified as to leave your petitioner the right to pursue such remedy as, in law, your petitioner is entitled to, without prejudice from said former suit."

Upon filing the petition to modify the decree, the respondent made an order expunging the principal matters complained about, unless defendant should show cause on January 20th why the order should not be made. The defendant answered the petition. A hearing was had, and, while it does not appear that an order was formally entered, the court announced on January 21, 1905, in a letter to the solicitors for the relator, (1) that execution would be withdrawn; (2) time fixed to settle a case for appeal; (3) that the petition to amend or modify the decree is denied. What showing, if any, was made on the hearing of the petition, does not appear; but the answer of the respondent, which we must assume states the facts, contains the following:

" The respondent, further answering, says that if the relator has acquired legal title to the land in question, and by virtue of the same is entitled to the use of said right of way, that, upon proper and legal proof of the same, this respondent would be glad to modify his decree and dissolve the restraining order heretofore made; but that the respondent would not feel warranted in changing a decree simply on ex parte affidavits and petitions, in view of the fact that the court felt that he had been misled as to the real facts by the petition for a restraining order, as set forth in complainant's bill of complaint, and upon which the respondent restrained defendant."

It appears that relator proposes to appeal from the decree, and has taken proceedings to that end. It is claimed that the decree was entered without any jurisdiction to do so, because no notice of the settlement of the decree was given, as required by the practice, and that, whether this is so or not, there is no prayer in defendant's cross-bill asking for an injunction, and therefore none should have been granted against relator, the complainant. We are asked to vacate, by mandamus, so much of the decree as restrains relator from the use of the land in question for its right of way. We must assume that the decree complained of is the decree which the court desired to enter, and the one which, if no irregularities had occurred, would have been entered. The decree is not void, nor does it embrace matters not fairly in issue upon the bill and answer. We must assume that if relator has, since the entry of the decree, acquired title to its right of way, it did not have such title when it filed its bill. We must assume, too, that, upon a proper presentation to the circuit court of convincing evidence that relator now has the title to the land upon which its side track is laid, the court will deal properly with the matter.

We cannot, by mandamus, vacate a part or the whole of a decree upon the merits.

Moore, C. J., and Carpenter, McAlvay, and Hooker, JJ., concurred.